**Frank GUZZI, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 85–204–CIV–SPELLMAN.**

United States District Court, S.D. Florida, Miami Division.

Sept. 17, 1985.

Gregory Martin, Miami, Fla., for plaintiff.

Martha Fleetwood, Asst. U.S. Atty., Miami, Fla., for defendant.

MEMORANDUM OPINION

SPELLMAN, District Judge.

ORDER DENYING PETITION FOR WRIT OF MANDAMUS, ORDER OF REMAND DIRECTING SECRETARY TO CONDUCT DE NOVO HEARING, AND ORDER OF DISMISSAL

Plaintiff in this case filed an application for retirement insurance benefits on February 1, 1976. The Social Security Administration ("SSA"), through an Administrative Law Judge ("ALJ") denied Guzzi benefits on March 30, 1978. Guzzi then filed another application for benefits on April 20, 1983. On June 7, 1983, Guzzi was sent a letter denying his claim and advising him that a hearing must be requested within sixty (60) days. Guzzi requested a hearing on June 8, 1983. On December 20, 1983, the ALJ issued a Notice of Dismissal on the grounds of *res judicata.* A Request for Review of Hearing Decision/Order was filed on February 15, 1984 by Guzzi. By letter dated May 7, 1984, Guzzi's attorney notified the Appeals Council of his appointment and requested copies of all evidence on which the dismissal was based. On November 20, 1984, the Associate Commissioner of the Office of Hearings and Appeals notified counsel that his client's file "had not been located," and that the SSA would need Guzzi's assistance to construct a new file.

On January 25, 1985, the Plaintiff filed this action under 28 U.S.C. § 1361, requesting that this Court issue a writ of mandamus, compelling the Secretary to conduct a *de novo* hearing. The Secretary moved to dismiss the Complaint on May 24, 1985.

This Court need not venture too far in its analysis in this case, since the Secretary has filed a Notice of Intent to Conduct a *De Novo* Hearing on August 27, 1985. It is not clear at this point whether or not mandamus would be proper in circumstances such as those before us. *See Lopez v. Heckler*, 725 F.2d 1489, 1507 (9th Cir.1984) ("mandamus jurisdiction is available in cases challenging the procedures used in administering social security benefits"). Yet, the Supreme Court has made it quite clear that district courts do not have the authority to infringe upon the internal mechanisms of the SSA regarding deadlines within which to hold hearings or the like. *Heckler v. Day*, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). Fortunately for plaintiffs such as Guzzi, the Supreme Court addressed its opinion primarily to the sweeping gestures made by one disgruntled district court judge, who was affirmed on appeal. In fact, the Court stated that "We make clear that nothing in this opinion precludes the proper use of injunctive relief to remedy *individual* violations of § 405(b)." [1] *Id.*, 104 S.Ct. at 2258 n. 33.

This Court finds that, although it is clearly not within the province of this Court's powers to mandate across the board time limits by which the SSA must abide, it is within this Court's power to direct the Office of Hearings and Appeals to give the plaintiff in this case a *de novo* hearing within one hundred and twenty days from the date of this Order.[2]

Based on the above and foregoing, it is hereby

ORDERED AND ADJUDGED that this case is REMANDED to the Secretary for further proceedings not inconsistent with this Order.[3]

---

1. The case *Heckler v. Day*, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984) dealt with an order entered by a district court judge certifying a statewide class of:

   "All present and future Vermont residents seeking to secure Social Security disability benefits who, following an initial determination by the defendant that no disability exists, experience an unreasonable delay in the scheduling of and/or issuance of decisions in reconsiderations and fair hearings."

   Plaintiff, who fell into that category thereupon asserted his rights, and the district court concluded that, as a rule, delays of more than 90 days in making reconsideration determinations were unreasonable and violated the claimant's statutory rights. This ruling was made in the absence of actual statutory limitations or definitions concerning what is a "reasonable" length of time. Moreover, there is no requirement in § 405 that a hearing must be held within a reasonable time frame. The Second Circuit Court of Appeals affirmed the district court's ruling in *Day v. Schweiker*, 685 F.2d 19 (2d Cir.1982), nonetheless.

   Although the case at issue does not really raise any claims under § 405, the Court finds the situation before it somewhat analagous. Here, the claimant was denied benefits; twice, as a matter of fact. The claimant sought review, and was faced with the ultimate in delay, to wit, no record from his case could be located. Thus, the Court is inclined to do what it can within its power to avoid harmful delay, and urges this case, and others similarly situated, to go forward.

2. In the event that a hearing is not commenced within one hundred twenty days from the date of this Order, this Court will issue an Order to Show Cause why the Secretary should not be held in contempt of this Court, and a hearing on the matter shall be held within fifteen days from the issuance of said Order to Show Cause.

3. Accordingly, the petition for writ of mandamus is denied, and this cause is dismissed, there being no further action contemplated.